91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Genaro CATALINO a.k.a. Genaro Catalino Valle-Rojo a.k.a.
Genaro Catalino Valle-Aranubia, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70842.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided July 29, 1996.
 
 Before: REINHARDT, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The immigration judge rejected petitioner's application for asylum and withholding of deportation principally because he failed to prove he was the man who, according to a document he submitted, had been incarcerated in Nicaragua; the BIA adopted the IJ's decision. At oral argument, the INS essentially conceded that, were petitioner in fact the man who was imprisoned, he would be eligible for asylum or withholding of deportation. Petitioner's eligibility for asylum and his entitlement to withholding turns, therefore, entirely on whether he is the former prisoner. This can readily be verified, as the document petitioner submitted shows the former prisoner's fingerprints. We therefore remand for a determination as to whether petitioner's fingerprints match the former prisoner's. If they do not, the BIA's order denying him asylum and withholding of deportation was proper. If they do, he is eligible for asylum and entitled to withholding of deportation, as a matter of law.
 
 
 3
 Our review of the record further reveals no adverse factors that would justify a discretionary denial of asylum that are not subsumed by the asylum eligibility determination. We therefore also conclude that, were petitioner's fingerprints to match the former prisoner's, he would not merely be eligible for asylum as a matter of law, he would be entitled to it.
 
 
 4
 We note that petitioner's counsel of record, Xavier J. Vega, moved to submit his client's case on the briefs, despite its better than arguable merit. When we denied the motion, Vega retained substitute counsel, who ably represented petitioner at oral argument. This does not excuse Vega's failure to vigorously press his client's case in the first instance.
 
 
 5
 REMANDED to the BIA FOR FURTHER REMAND to the Immigration Judge.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3